UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAY 3 0 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

RINO INTERNATIONAL CORPORATION,
DEJUN "DAVID" ZOU, and JIANPING "AMY" QIU,

Defendants.

1:13-cv-00711

### FINAL JUDGMENT AS TO DEFENDANTS RINO INTERNATIONAL CORPORATION, DEJUN "DAVID" ZOU, AND JIANPING "AMY" QIU

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendants RINO International Corporation ("RINO"), Dejun "David" Zou ("Zou"), and Jianping "Amy" Qiu ("Qiu") (collectively "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Zou and Qiu and their agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Zou and Qiu and their agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by signing a certification required under such Rule knowing that such certification is false or misleading.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Zou and Qiu and their agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange

Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Zou and Qiu and their agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, directly or indirectly, making or causing to be made a materially false or misleading statement to an accountant, or omitting to state, or causing another person to omit to state, a material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with audits, reviews or examinations of financial statements or in the preparation or filing of documents or reports required to be filed with the Commission.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant RINO and its agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from any violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)], and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, -.13a-1, -.13a-11, and -.13a-13] promulgated thereunder, by:

(a)   failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer;

(b)   failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; and the recorded accountability for assets is compared with existing assets at reasonable intervals and appropriate action is taken with respect to any differences; or

(c)   making materially false or misleading statements, or omitting to state material facts necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, in statements and filings made with the Commission pursuant to Exchange Act Rules 13a-1, 13a-11, and 13a-13.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Zou and Qiu, and their agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violations of Section 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C.

§§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)], and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, -.13a-1, -.13a-11, and -.13a-13] promulgated thereunder by knowingly providing substantial assistance to an issuer that:

    (a)    fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer;

    (b)    fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; and the recorded accountability for assets is compared with existing assets at reasonable intervals and appropriate action is taken with respect to any differences; or

    (c)    makes materially false or misleading statements, or omits to state material facts necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, in statements and filings made with the Commission pursuant to Exchange Act Rules 13a-1, 13a-11 or 13a-13.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendants Zou and Qiu each are prohibited, for 10 years following the date of

entry of this Final Judgment, from acting as officers or directors of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Zou shall pay a civil penalty in the amount of $150,000 and Defendant Qiu shall pay a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendants shall make these payments within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payments may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants' names as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making these payments,

Defendants relinquish all legal and equitable rights, titles, and interests in such funds and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Zou and Qiu are jointly liable for disgorgement of $3,500,000 representing profits gained as a result of the conduct alleged in the Complaint. This obligation shall be deemed satisfied by the District Court for the Central District of California's approval of settlement providing for payments of at least $3,500,000, excluding attorneys' fees and other expenses, to the settlement fund that has been established for the benefit of investors in *Stream SICAV and Todd Marx v. RINO International Corp. et al.*, Case No. 2:10-cv-08695-DDP-VBK(x) (C.D. Cal. filed 2010). In the event that the settlement in *Stream SICAV* does not become effective and monies are not distributed to investors, the $3,500,000 due as disgorgement under this Final Judgment shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court, if and to the extent that any portion of that disgorgement amount is returned to Defendants Zou and/or Qiu.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents executed by RINO International Corporation, Dejun "David" Zou, and Jianping "Amy" Qiu are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 5/29/2013

_____
UNITED STATES DISTRICT JUDGE